

**Hon. Sylvia O. Hinds-Radix**
*Corporation Counsel*

The City of New York
Law Department
100 CHURCH STREET
NEW YORK, NY 10007

**David Choi**
Assistant Corporation Counsel
Labor & Employment Law Division
Phone: (212) 356-1941
Email: dchoi@law.nyc.gov
Email **Not** for Service of Papers

December 19, 2022

**BY ECF**

Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:    *Bernard McIlwain v. The City of New York, et al.*
                  1:22-cv-04163 (ENV)(RML)
                  Our No. 2022-058943

To Judge Vitaliano:

       I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants City of New York ("City") and New York City Department of Education ("DOE")[1] in the above-referenced action. In accordance with Your Honor's Individual Practices and Rules, Defendants respectfully request a pre-motion conference to discuss its anticipated motion to dismiss the Complaint.

       Plaintiff, an Assistant Principal formerly employed by DOE, was terminated in 2018 for engaging in financial fraud. Plaintiff challenged his termination through an Article 75 proceeding in New York State Court, but his petition was dismissed. Now, via 42 U.S.C. § 1983, Plaintiff asserts claims of First Amendment retaliation, as well as violations of the Fourteenth Amendment for (1) denial of due-process, (2) denial of equal protection, and (3) stigma plus. Plaintiff also advances a common law fraud claim. For the reasons outlined below, Defendants' intend to move to dismiss Plaintiff's Complaint in its entirety for failure to state a claim.

**A. Instant action is barred by the three-year statute of limitations applicable to § 1983 claims**

       Claims brought pursuant to 42 U.S.C. § 1983 are subject to a three-year statute of limitations period. See <u>Pearl v. City of Long Beach</u>, 296 F.3d 76, 79 (2d Cir. 2002). Plaintiff commenced this action on July 15, 2022. <u>See</u> Compl., ECF Dk. No. 1. Accordingly, all allegations

---

[1] [1] To date, upon information and belief, individually-named Defendants Charity Guerra, William Jusino, Karen Watts, and Salvatore Mancuso have not been served in this matter. Consequently, this letter does not address all exhaustive arguments in response to the Complaint.

concerning acts that took place on or prior to July 15, 2019, including his October 29, 2018 termination, are time-barred as to § 1983 claims.

**B. Plaintiff's First Amendment Retaliation Claim Fails**

In order to establish a First Amendment retaliation claim, an employee must prove that: "[s]he has engaged in protected First Amendment activity, [s]he suffered an adverse employment action, and there was a causal connection between the protected activity and the adverse employment action." Anemone v. Metro. Transp. Auth., 629 F.3d 97, 114 (2d Cir. 2011) (internal quotation marks omitted). In determining whether a public employee engaged in constitutionally protected speech, a court must determine "whether the employee spoke as a citizen on a matter of public concern." Garcetti v. Ceballos, 547 U.S. 410, 418 (2006); Sousa v. Roque, 578 F.3d 164, 170 (2d Cir. 2009) (quoting Garcetti). "If the answer is no, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." Garcetti, 547 U.S. at 418. Determining whether an employee spoke as an employee and not as a citizen is "largely a question of law for the court." Sacha v. Sedita, 2012 U.S. Dist. LEXIS 151561, at *13 (W.D.N.Y. Oct. 21, 2012) (citation omitted). The key distinction is whether the speech was made pursuant to the employee's official duties or was not required by those duties. Garcetti, 547 U.S. at 426.

The speech Plaintiff relies upon for his retaliation claim was made pursuant to his official duties and responsibilities as a teacher, and therefore is not protected speech. See Weintraub v. Board of Education, 489 F. Supp. 2d 209, 214 (2006); Massaro v. N.Y. City Dep't of Educ., 481 Fed. Appx. 653, 655 - 656 (2d Cir. N.Y. 2012) (a school teacher's complaints to school administrators about internal safety conditions were not protected under the First Amendment because the complaints concerned her duties as a teacher). Under Garcetti, as applied by the Weintraub Court, this principle applies to complaints made within the workplace or filed outside the workplace, such as with a union. Id. at 215. Here, Plaintiff claims that he was retaliated against for making a complaint to the Special Commissioner of Investigation, about a co-worker who he believed was harassed by Defendant William Jusino. See ECF Dkt. No. 1, ¶¶ 33, 35. Under Garcetti, the speech underlying Plaintiff's retaliation claim was made in his capacity as an employee, rather than as a private citizen, and therefore is not protected under the First Amendment.

**C. Plaintiff's Procedural Due Process and Liberty Claims Must Be Dismissed**

In order to sustain a § 1983 claim based on an alleged violation of due process, a plaintiff must show that (1) he possessed a liberty or property interest protected by the Constitution or federal statutes and (2) he was deprived of that liberty or property interest without due process. Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002) (citing Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995)). The crux of plaintiff's complaint lies in a challenge to Defendant's authority to charge him as part of an internal disciplinary investigation, a challenge that has already been made and decided in state court, after disciplinary charges and specifications have already been served, and hearing conducted. "[T]he Second Circuit has 'held on several occasions that there is no due process violation where, as here, pre-deprivation notice is provided and the deprivation at issue can be fully remedied through the grievance procedures provided for in a collective bargaining agreement." Adams v. Suozzi, 517 F.3d 124, 128 (2d Cir. 2008). Plaintiff's Complaint shows that he was provided notice of his charges, participated in his disciplinary

hearing, and further availed himself of the proper recourse through a post-deprivation Article 75 hearing. Anemone v. Metro. Transp. Auth., 629 F.3d 97, 121 (2d Cir. 2011) ("An Article 78 proceeding provides the requisite post deprivation process for a stigma plus claim.").

To prevail on his liberty interest claim Plaintiff must establish the elements of what is referred to as a "stigma-plus" claim. To prevail on a "stigma-plus" claim, Plaintiff must show that: (1) defendants made false and stigmatizing statements about him that call into question his good name, reputation, honor or integrity; (2) a tangible and material state-imposed burden in addition to the stigmatizing statement, and (3) that the stigmatizing statements were made public. Vega v. Lantz, 596 F.3d 77, 81 (2d Cir. 2010); Segal v. City of New York, 459 F.3d 207, 212 (2006). Even assuming that plaintiff could satisfy the first element, which defendants do not concede, Plaintiff's stigma plus claim fails for two reasons. First, as he was not deprived of a property interest, he cannot demonstrate that he was the subject of a tangible and material state-imposed burden. Second, he does not allege that the any false and stigmatizing statements were made public in the course of DOE's termination of him.

### D. Plaintiff's Fourteenth Amendment Equal Protection Claim Fails

"To maintain an equal protection claim, a plaintiff must show adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Miner v. Clinton County, 541 F.3d 464, 474 (2d Cir. 2008). Plaintiff alleges no such facts and has not identified any similarly situated individuals that were purportedly treated differently, much less any facts to support an argument that such difference was based on impermissible considerations.

### E. Plaintiff's Common Law Fraud Claim Fails for Filing A Late Notice of Claim

Pursuant to New York Education Law § 3813(1), filing a notice of claim within ninety (90) days, or three months, of accrual of any claim is a condition precedent to suit against DOE or its school officers. See Parochial Bus Systems, Inc. v. Board of Education, 60 N.Y.2d 539, 547 (1983). Plaintiff served a Notice of Claim by mail on September 15, 2021. Accordingly, any claim that arose more than 90 days before September 15, 2021, is untimely, including Plaintiff's claim of fraud related to his termination.

### F. Conclusion

Accordingly, Defendants request a pre-motion conference to discuss their proposed motion to dismiss. Additionally, Defendants request a stay of discovery pending the disposition of their motion practice to dismiss the complaint. See D.L. Cromwell Invs., Inc. v. NASD Regulation, Inc., No. 02 CV 3823 (LAK), 2002 U.S. Dist. LEXIS 11937, *2 (S.D.N.Y. 2002).

Respectfully submitted,

**[ECF]      /S/**
David Choi
Assistant Corporation Counsel