# MASON LAW

D. CHRISTOPHER MASON

ATTORNEYS AT LAW
11 BROADWAY - SUITE 615-8
NEW YORK, NEW YORK 10004
P: 212.498.9691 F: 212.498.9692

EMAIL:
cmason@masonlawpllc.com

**BY ECF**

Honorable Eric N. Vitaliano                                                January 3rd, 2023
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Bernard McIlwain v. The City of New York, et al. 1:22-cv-04163 (ENV)(RML)

Dear Judge Vitaliano:
      We are the Attorney for Plaintiff Bernard McIlwain. In accordance with Your Honor's Individual Practices and Rules, Plaintiff respectfully submits this response to Defendant the New York City Department of Education's ("NYCDOE") request
a pre-motion conference to discuss its anticipated motion to dismiss the Complaint.

      Contrary to the arguments made by defendants, Plaintiff's First Claim (First Amendment; 42 U.S.C. §1983), Second Claim (Fourteenth Amendment Due Process; 42 U.S.C. §1983), Third Claim (Fourteenth Amendment Equal Protection; 42 U.S.C. §1983), Fourth Claim (Fourteenth Amendment Stigma Plus; 42 U.S.C. §1983), and Fifth Claim (Fraud and Deceit) have all been adequately pled in the Complaint and state valid claims for relief under the relevant Federal and State statutes. Alternatively, to the extent the court finds any deficiencies with the pleadings, including untimeliness, Plaintiff requests leave to amend the complaint.

      With regard to the issue of due process and Plaintiff's rights as a tenured teacher Defendants argue that in order to sustain a §1983 claim based on an alleged violation of due process, a plaintiff must show that (1) he possessed a liberty or property interest protected by the Constitution or federal statutes and (2) he was deprived of that liberty or property interest without due process. Defendants argue that plaintiff was never deprived of a property interest, however Plaintiff argues that he was denied that right in his 3020-a mandatory arbitration.

      It is well recognized that the teacher tenure law vests a property right in the teacher. Once property interests are created, they may not be deprived without adequate legal process. Bishop v. Wood, 426 U.S. 341, 345, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976) ; Franceski v. Plaquemines Parish School Board, 772 F.2d 197 (5th Cir.1985). The United States Supreme Court has explained that " '[t]he right to due process is conferred not by legislative grace, but by constitutional guarantee. While the legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards.' " Cleveland Bd. of Education v. Loudermill, 470 U.S. 532, 541 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (quoting Arnett v. Kennedy, 416 U.S. 134, 167, 94 S.Ct. 1633, 1650 40 L.Ed.2d 15 (1974) (Powell, J., concurring in part)). Although a state may establish certain statutory procedural safeguards to protect property rights, still the safeguards may be judged insufficient (depending on the facts and circumstances of a particular case) to guard the particular property interest at risk. Id.

      The procedure for charging an educator who holds a tenured position is clearly detailed in Education Law §3020 and §3020-a. In particular under Education Law 3020-a (2)(a) states that

[w]ithin five days after receipt of charges, the employing board, in executive session, shall determine, by a vote of a majority of all the members of such board, whether probable cause exists to bring a disciplinary proceeding against an employee pursuant to this section". These procedures were not followed by the NYCDOE in Plaintiff's matter as when Plaintiff was charged the charges did not have a date for the Executive Session and no vote on probable cause was held. According to the Education Law §3020, Sections 1 and 2 *cannot be bargained away or changed by fiat*. (emphasis added). See Education Law 3020 (3)(iii)

In addition, Plaintiff is denied the right to choose the arbitrator for the compulsory arbitration hearing. In New York City, Defendant the New York City Department of Education has failed to follow the procedure cited in Education Law §3020 and §3020-a(2)(a) and deliberately and in bad faith omitted a proper determination of probable cause. No arbitrator can move forward with the finding of just cause if there is no finding of probable cause. On March 15, 2017, District 14 Superintendent Karen Watts signed Plaintiff's "Notice of Determination of Probable Cause on Education Law Charges" despite there being no date for an Executive Session or vote of the Panel For Educational Policy ("PEP").

All 3020-a hearings outside of New York City permit the charged educator and the school board attorney to pick the arbitrator who will hear the case from an approved list of 15 names sent from the New York State Education Department. As this process does not exist within the City of New York we argue, Plaintiff's Fourteenth Amendment Equal Protection Claim is valid because the plaintiff can show " . . . adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."

We argue that the arbitrator in plaintiff's 3020-a, Felice Busto, was paid by and chosen for the NYC DOE panel to terminate plaintiff or risk being fired or removed from hearing any further cases. The plaintiff and his attorney were never told about this violation of Education Law, thus could not address the fraud. Nonetheless, plaintiff never waived any of his rights to the proper determination of probable cause, and this is in his Complaint. As both plaintiff and his attorney were unaware of the omission of probable cause and procedural due process as cited in Education Law §3020 and §3020-a we submit that the three-year statute of limitations for the 1983 claims made in the Complaint actually started when plaintiff became aware of the fraud in 2021. Our argument above gives rise to the five claims submitted in the Complaint.

There are times when the statute of limitations may be extended or the statute of limitations tolls. One reason why the statute of limitations may toll or otherwise be suspended is Discovery of Harm. It is a common principle that a plaintiff should have the opportunity to bring forth a case if he or she could not have reasonably ascertained that a cause of action arose and during this lapse in time the statute of limitations has expired. Another equitable principle related to a tolling of the statute of limitations is fraudulent concealment. Fraudulent concealment occurs when a defendant engages in a misleading, deceptive or contrived action in an attempt to conceal a plaintiff's recognizing a possible cause of action.

The legal standard on FRCP 12(b)(C) Motion for a leave to amend, including permissive leave to amend, includes the following: plaintiff's claims are all governed by the "bare requirements of notice pleading under Rule 8(a)". Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir 2001) (applying notice pleading standard to §1983 claims). Notice pleading requires only "a short and plain statement of the claim showing that the pleader is entitled to the relief," Fed. R. Civ. P. 8(a)(2), and it is designed only to "give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests." Lee, 250 F.3d at 679 (quoting Conley v. Gibson, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)).  Under notice pleading, the complaint "does not need detailed factual allegations"; rather, it only requires factual allegations that are "enough to raise a right to relief above the speculative level", making the claim for relief "plausible on its face". Bell Atl. Corp. v. Twombly 550 U.S. 544, 555 & 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Second, in analyzing a Rule 12(c) motion, all factual allegations contained in the complaint must be accepted as "true" and construed in the light most favorable to the nonmoving party, here, plaintiff. Herrera v. Zumiez, Inc., 953 F.3d 1063, 1068 (9th Cir. 2020); see also id. A Rule 12(c) motion can be granted "only when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. The court must also draw "all reasonable inferences" from the allegations in the complaint in the plaintiff's favor. Hines v. Youseff, 914 F.3d 1218, 1227 (9th Cir. 2019). Third, when a complaint can be possibly cured by the addition of new allegations, there is a strong presumption in favor of granting leave to amend the complaint. See Wilson v. Playtika, Ltd., 349 F. Supp. 3d 1028, 1040 (W.D. Wash. 2018) ("On a 12(b)(6) motion, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts'") (quoting Cook, Perkiss & Liehe v. N. Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir. 1990)); see also Westech Aerosol Corp. v. 3M Co., No. C17-5067-RBL, 2017 U.S. Dist. LEXIS 124485 at *8 (W.D. Wash. Aug. 7, 2017) (granting leave to amend where it was "possible" for plaintiff to amend complaint to allege proper venue). The court only lacks discretion to deny an amendment where the amendments are futile, would cause undue prejudice, or are sought in bad faith, which would not be the case here. Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010).

Plaintiff's claims for relief asserts violations of his civil rights under 42 U.S.C. §1983 include two distinct constitutional protections: freedom of speech (First and Fourteenth Amendments), and substantive due process (Fifth and Fourteenth Amendments). Defendants first seek to dismiss this claim to the extent it is premised on the latter constitutional provision. Substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with the rights implicit in the concept of ordered liberty." Corales v. Bennett, 567 F.3d 554, 568 (9th Cir. 2009) (internal quotation omitted).  Thus, courts have allowed substantive due process claims to co-exist with First Amendment claims "when, for example, the alleged conduct is arbitrary and capricious but not retaliatory" or where "the alleged conduct implicates a different interest." Addison, 258 F. Supp. 3d at 1235 n.6 (collecting cases); see also Schneider v. County of Sacramento, No. S-12-2457, 2014 U.S. Dist. LEXIS 116809 at *19 (E.D. Cal. Aug. 21, 2014) ("Even if the claims stem from the single 'wrong' of the 2012 FACE, a single 'wrong[]… can implicate more than one of the Constitution's commands.'") (quoting Soldal, 506 U.S. at 70). Second, defendants' argument is premature. This case is only at the pleadings stage.

In conclusion, should this Court believe that additional arguments should be made on Plaintiff's claims, we respectfully request permission to amend the Complaint.

                                                          Respectfully,
                                                          MASON LAW, PLLC

                                                          **By: /s/ D. Christopher Mason, Esq**
                                                               D. Christopher Mason