1:22-cv-04163 (ENV-RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BERNARD MCILWAIN,

Plaintiff,

-against-

THE NEW YORK CITY DEPARTMENT/BOARD OF EDUCATION; CHARITY GUERRA, Executive Deputy Counsel, Administrative Trials Unit; WILLIAM JUSINO, Principal, Progress High School; KAREN WATTS, Superintendent, District 14; SALVATORE MANCUSO, Assistant Supervising Investigator, Special Commissioner of Investigation, all named in their official and individual capacities

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for Defendants'
100 Church Street, Room 2-176
New York, New York 10007-2601

*Of Counsel:* David Choi

*Tel.*: (212) 356-1941

David Choi
Of Counsel

Matter No.: 2022-058943

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... III

PRELIMINARY STATEMENT .......... 1

ARGUMENT

POINT I

PLAINTIFF'S NOTICE OF CLAIM IS NOT SAVED BY THE EQUITABLE TOLLING DOCTRINE .......... 2

POINT II

PLAINTIFF'S FAILS TO REBUT DOE DEFENDANTS FIRST AMENDMENT ARGUMENTS .......... 4

POINT III

NEW YORK EDUCATION LAW § 3020-A FULLY COMPORTS WITH THE REQUIREMENTS OF PROCEDURAL DUE PROCESS .......... 4

POINT IV

PLAINTIFF HAS FAILED TO DEMONSTRATE A VIOLATION OF NEW YORK EDUCATION LAW 3020-A .......... 6

A. The DOE's "Panel for Education Policy" is Not an Employing Board .......... 6

B. Plaintiffs' Statutory Interpretation Argument is Unavailing .......... 8

POINT V

PLAINTIFF FAILS TO STATE A SELECTIVE ENFORCEMENT CLAIM UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT .......... 8

**Page**

A. Plaintiff Cannot Put Forth New Legal Theories In His Opposition .................................................................... 8

B. Plaintiff's Equal Protection Claim Still Fails ..................................... 9

POINT VI

PLAINTIFF'S FAILS TO STATE A CLAIM FOR COMMON LAW FRAUD ........................................................................ 10

CONCLUSION ........................................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases** **Pages**

Adams v. New York State Education Dept.,
752 F.Supp.2d 420 (S.D.N.Y. 2010),
report & rec. adopted, 752 F.Supp.3d 420 (S.D.N.Y. 2010) ....................................................6

Ashcroft v. Iqbal,
556 U.S. 662 (2009)....................................................................................................4

Bizzarro v. Miranda,
394 F.3d 82 (2d Cir. 2005)...........................................................................................9

Brunson v. Duffy,
No. 12-cv-9465 (KBF), 2015 U.S. Dist. LEXIS 29015
(S.D.N.Y. Mar. 6, 2015) ..............................................................................................9

Church of the Am. Knights of the Ku Klux Klan v. Kerik,
356 F.3d 197 (2d Cir. 2004)..........................................................................................9

Cleveland Bd. of Ed. v. Loudermill,
470 U.S. 532 (1985)..................................................................................................5, 6

Cozzi v. Great Neck Union Free Sch. Dist.,
2009 U.S. Dist. LEXIS 74305 (E.D.N.Y. Aug. 21, 2009)........................................................5

Matter of Dunn v. New York City Department of Education,
32 Misc.3d 1230(A) (Sup. Ct., N.Y. County 2011).................................................................5

Matter of Haas v. The New York City Board/Department of Education,
35 Misc.3d 1207(A) (Sup. Ct., N.Y. County 2012).................................................................5

Irwin v. Dep't of Veterans Affairs,
498 U.S. 89 (1990)......................................................................................................3

Jacobs v. Mostow,
271 Fed. Appx. 85 (2d Cir. 2008)......................................................................................5

Koch v. Christie's Intern. PLC,
699 F. 3d 141 (2d Cir. 2012)...........................................................................................3

Matter of Liu v. New York City Board/Department of Education,
107 A.D.3d 464 (1st Dept 2013)........................................................................................5

Matter of Liu v. The New York City Board/Department of Education,
2012 NY Slip Op 30008(U) (Sup. Ct., N.Y. County Jan 4, 2012) ...........................................5

**Cases** **Pages**

Matter of Luft v. The New York City Board/Department of Education, 2011 NY Slip Op 32268(U) (Sup. Ct., N.Y. County Aug. 18, 2011)........................................5

Nichols v. Prudential Ins. Co. of America, 406 F.3d 98 (2d Cir. 2005)..............................................................................................3

Pina-Pena v. New York City Department of Education, 2014 NY Slip Op 30893(U) (Sup. Ct., N.Y. County Apr. 9, 2014) ..........................................5

Randall v. Dish Network, LLC, 2018 U.S. Dist. LEXIS 110269 (E.D.N.Y. 2018)....................................................................4

Roemer v. Bd. of Educ., 2002 U.S. Dist. LEXIS 27118 (E.D.N.Y. Dec. 30, 2002), report & rec. adopted, 290 F.Supp.2d 329 (E.D.N.Y. 2003) .....................................................5

Matter of Soleyn v. New York City Department of Education, 33 Misc.3d 1211(A) (Sup. Ct., N.Y. County 2011)................................................................5

In re Vitamin C Antitrust Litigation, 995 F. Supp. 2d at 131 ..............................................................................................3

Williams v. Mirabal, 2013 U.S. Dist. LEXIS 6676 (S.D.N.Y. 2013)...........................................................................4

Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74 (2d Cir. 2003)..............................................................................................2

**Statutes**

42 U.S.C. § 1983........................................................................................................1, 2

Fed. R. Civ. P. 12 (b)(6).....................................................................................................1

N.Y. Educ. Law § 2590-b ..................................................................................................6

N.Y. Educ. Law § 2590-h ..................................................................................................8

N.Y. Educ. Law § 2590-p ..................................................................................................7

N.Y. Educ. Law § 3020-a ..................................................................................4, 5, 6, 7, 8

PEP Bylaws § 10.1.............................................................................................................7

PEP-Bylaws § 12.1.3 ..........................................................................................................7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

BERNARD MCILWAIN,

Plaintiff,

-against-

1:22-cv-04163 (ENV-RML)

THE NEW YORK CITY DEPARTMENT/BOARD OF EDUCATION; CHARITY GUERRA, Executive Deputy Counsel, Administrative Trials Unit; WILLIAM JUSINO, Principal, Progress High School; KAREN WATTS, Superintendent, District 14; SALVATORE MANCUSO, Assistant Supervising Investigator, Special Commissioner of Investigation, all named in their official and individual capacities

Defendants.

------------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

## PRELIMINARY STATEMENT

Plaintiff, a former Assistant Principal employed by Defendant The New York City Department of Education ("DOE"), brings this action pursuant to 42 U.S.C. § 1983, alleging First Amendment retaliation, as well as denial of due-process, denial of equal protection, stigma plus under the Fourteenth Amendment, and a common law claim for fraud.

On February 24, 2023, Defendants DOE, Karen Watts, Salvatore Mancuso, and William Jusino (collectively "DOE Defendants") served their motion to dismiss on Plaintiff pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure ("FRCP"), on the grounds that Plaintiff, as a matter of law, fails to state a claim upon which relief may be granted. On March 24, 2023, Plaintiff served his opposition to DOE Defendants Motion To Dismiss ("Plaintiff's Mem. In. Opp.").

Plaintiff's Complaint must be dismissed for numerous reasons. First, Plaintiff's untimely Notice of Claim is not salvaged by the equitable tolling doctrine. Second, Plaintiff fails to meaningfully rebut DOE Defendants First Amendment argument. Third, Plaintiff fails to demonstrate that his fundamental due process right to the notice of the charges against him, an opportunity to be heard, was violated by the actions of the DOE Defendants. Fourth, Plaintiff cannot, on opposition, bring new theories in support of his claim for equal protection, and nonetheless, Plaintiff's theory continues to fail as he neglects to identify and similarly situated individuals. Finally, Plaintiff's common law fraud continues to fail as he fails to plead any reliance on a false representation.

## ARGUMENT

## POINT I

## PLAINTIFF'S NOTICE OF CLAIM IS NOT SAVED BY THE EQUITABLE TOLLING DOCTRINE

Plaintiff attempts to salvage his untimely Notice of Claim by invoking the doctrine of equitable tolling by arguing that he "did not know that the charges he received in 2017 were procedurally deficient" or because "[D]efendant[s] hid that information from him." See Plaintiff's Mem. in Opp. At 14. "[E]quitable tolling is only appropriate in rare and exceptional circumstances…in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74 (2d Cir. 2003)(internal quotations, citations and brackets omitted). Plaintiff must establish that he "acted with reasonable diligence during the time period [ ]he seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Id. at 80-81.

First, as explained in further detail in DOE Defendants Memorandum of Law ("Defs. Mem.)", Plaintiff's claims pursuant to § 1983 are barred by the applicable status of

limitations. See Defs. Mem. at pg. 5. Second, Plaintiff filed his Notice of Claim on September 21, 2021, almost three years since his termination in October 29, 2018 and almost four years from the service of his disciplinary charges in March 2017. See Defs. Mem. at 4; See Exhibit "A", annexed to Choi Decl. Plaintiff's revelation of DOE Defendants misconduct in 2021 after having sought employment is the impetus for his equitable tolling argument, which is unconvincing. However, The Second Circuit has held that alleged misconduct occurring after the limitations period is irrelevant for purposes of equitable tolling. See Koch v. Christie's Intern. PLC, 699 F. 3d 141, 157 (2d Cir. 2012)(plaintiff's allegation that defendants "hinder[ed] his investigation" were "irrelevant because the statute of limitations had already run by that time"); Nichols v. Prudential Ins. Co. of America, 406 F.3d 98, 108 (2d Cir. 2005)("A tolling period cannot delay the expiration of a deadline when that deadline has already expired."); see also In re Vitamin C Antitrust Litigation, 995 F. Supp. 2d at 131 ("[T]he statute of limitations is not tolled for a plaintiff's leisurely discovery of the full details of the alleged scheme.")(internal quotation omitted).

Nor does this case present any "extraordinary" circumstances justifying equitable tolling. There is no dispute as to Plaintiff's own participation in his disciplinary hearing, despite his due-process contentions, and also the fact that once the hearing concluded that Plaintiff commenced a special proceeding in New York State Court seeking to reverse the recommendation of his termination. There is not a scintilla of evidence that DOE Defendants intentionally concealed Plaintiff's rights as the documents personally served to Plaintiff specifically enumerated the rights tenured employees possessed in the disciplinary process. See Exhibit "F", annexed to Choi Decl. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

## POINT II

## PLAINTIFF'S FAILS TO REBUT DOE DEFENDANTS FIRST AMENDMENT ARGUMENTS

Plaintiff has abandoned his claim of First Amendment Retaliation because he failed to address DOE Defendants substantive arguments. See Randall v. Dish Network, LLC, 2018 U.S. Dist. LEXIS 110269 (E.D.N.Y. 2018) (quoting Williams v. Mirabal, 2013 U.S. Dist. LEXIS 6676, at *4 (S.D.N.Y. 2013) ("A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.")). Instead, Plaintiff's opposition merely restates the applicable standard and in conclusory fashion states that the standards apply in this case. Plaintiff provides nothing more than conclusory allegations, speculation, and conjecture, which are insufficient to support his claims. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Therefore, Plaintiff has abandoned all his claims.

Further, as explained further in Defs. Mem., Plaintiff spoke as an employee of the DOE, pursuant to his official duties and not as a private citizen. See Defs. Mem. at 9-11. Further, Plaintiff's speech an alleged complaint on behalf of an undisclosed colleague "who he believed to be harassed by Defendant William Jusino" does not implicate matters of public concern for First Amendment Protections. Id. Indeed, Plaintiff's First Amendment Retaliation claim must be dismissed as he fails to meaningfully rebut DOE Defendants substantive arguments.

## POINT III

## NEW YORK EDUCATION LAW § 3020-A FULLY COMPORTS WITH THE REQUIREMENTS OF PROCEDURAL DUE PROCESS

In his opposition papers, Plaintiff, in several respects, accuses the DOE Defendants of denying him procedural due process rights; however, he fails to address the well settled federal

and state authority concluding that § 3020-a is consonant with procedural due process. See Jacobs v. Mostow, 271 Fed. Appx. 85, 89 (2d Cir. 2008); Cozzi v. Great Neck Union Free Sch. Dist., 2009 U.S. Dist. LEXIS 74305 (E.D.N.Y. Aug. 21, 2009); Roemer v. Bd. of Educ., 2002 U.S. Dist. LEXIS 27118 at *28 (E.D.N.Y. Dec. 30, 2002) ("Education Law § 3020-a provides even more procedural protections than due process requires."), report & rec. adopted, 290 F.Supp.2d 329 (E.D.N.Y. 2003); Pina-Pena v. New York City Department of Education, 2014 NY Slip Op 30893(U) (Sup. Ct., N.Y. County Apr. 9, 2014); Matter of Liu v. The New York City Board/Department of Education, 2012 NY Slip Op 30008(U) (Sup. Ct., N.Y. County Jan 4, 2012) (affirmed Matter of Liu v. New York City Board/Department of Education, 107 A.D.3d 464 (1st Dept 2013)); Matter of Haas v. The New York City Board/Department of Education, 35 Misc.3d 1207(A) (Sup. Ct., N.Y. County 2012); Matter of Soleyn v. New York City Department of Education, 33 Misc.3d 1211(A) (Sup. Ct., N.Y. County 2011); Matter of Luft v. The New York City Board/Department of Education, 2011 NY Slip Op 32268(U) (Sup. Ct., N.Y. County Aug. 18, 2011); Matter of Dunn v. New York City Department of Education, 32 Misc.3d 1230(A) (Sup. Ct., N.Y. County 2011).

Plaintiff's primary contention that his procedural due process rights have been violated because, pursuant to § 3020-a, there was no determination of probable cause by a majority vote of an employing board. However, with respect to tenured public employees, Constitutional procedural due process simply requires that they be provided notice of the charges against them and an opportunity to be heard. In Cleveland Bd. of Ed. V. Loudermill, 470 U.S. 532, 545 (1985), the United States Supreme Court stated that to comply with procedural due process, "[t]he tenured public employee is entitled to oral or written notice of the charges against him [or her], an explanation of the employer's evidence and an opportunity to present his [or her] side of the story."

As such, the Loudermill Court further recognized that "[t]o require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." Id. Thus, in Adams v. New York State Education Dept., 752 F.Supp.2d 420, 456-457 (S.D.N.Y. 2010), this Court expressly rejected the employing board probable cause vote argument raised here, concluding that the "alleged deprivations do not affect whether a tenured teacher received 'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his [or her] side of the story,' as due process requires," report & rec. adopted, 752 F.Supp.3d 420 (S.D.N.Y. 2010). Plaintiff does not, and cannot, allege that the lack of a probable cause vote has impaired their fundamental rights to notice of the § 3020-a charges and an opportunity to be heard; moreover Plaintiff's own participation in the hearing further undercuts any argument that his fundamental due process rights were violated.

Accordingly, Plaintiff's procedural due process claims must be dismissed.

## POINT IV

## PLAINTIFF HAS FAILED TO DEMONSTRATE A VIOLATION OF NEW YORK EDUCATION LAW 3020-A

### A. The DOE's "Panel for Education Policy" is Not an Employing Board

Plaintiff contends that the DOE's "Panel for Education Policy" ("PEP") is the employing board referenced in § 3020-a. See Plaintiff's Mem. in Opp. at 23-24. Plaintiff fails to provide any support of this claim and instead argues to this Court that the DOE Chancellor, as a non-voting member of PEP, cannot assume the voting power of the employing board under New York Education Law § 2590-b. See id.

However, as its name plainly indicates, PEP is not the employing board of the DOE, but a panel that is convened to consider, review and vote upon educational policy and budgetary

issues for the DOE.[1] PEP, a thirteen-member panel consisting of members appointed by Borough Presidents of the City of New York and the Mayor, is tasked with conducting a public review process of DOE policy matters. Section 10.1 of PEP's Bylaws specifically limits PEP's scope of operation to the public review of matters such as "standards, policies and objectives proposed by the Chancellor directly related to educational achievement and student performance"; "standards, policies, and objectives as specifically authorized or required by state or federal law or regulation"; "the educational facilities capital plan, and any amendments requiring Panel approval, pursuant to Education Law 2590-p"; and "annual estimates of the total sum of money which the Panel deems necessary for the operation of the City District and the capital budge," among other broad policy items.[2]

Notably, in its bylaws, there is no mention that PEP must engage in a probable cause vote with respect to § 3020-a disciplinary charges. The only reference to § 3020-a disciplinary charges emphasizes that tenured teachers subject to disciplinary proceedings are contained within Section 12.1.3 of the PEP bylaws entitled to "a copy of the charges and specifications" and an opportunity "to participate in person, by counsel or representative, in the trial of the charges, to cross-examine opposing witnesses and to call and examine witnesses in his/her own behalf." A review of PEP's bylaws plainly indicates that PEP is not the employing board of the DOE, nor is it authorized to determine probable cause with respect to disciplinary charges and specifications preferred against tenured teachers.

---

[1] See https://www.schools.nyc.gov/about-us/leadership/panel-for-education-policy/pep-bylaws

[2] See https://www.schools.nyc.gov/about-us/leadership/panel-for-education-policy/pep-bylaws § 10.1

**B. Plaintiffs' Statutory Interpretation Argument is Unavailing**

Plaintiff is operating under the misapprehension that the DOE Chancellor is a non-voting member of an "employing board" of the DOE and contends that § 3020-a and New York Education Law § 2590-h are in conflict. However, as various New York courts have held, § 2590-h permits the DOE Chancellor to assume and delegate the duties and responsibilities of the employing board to her subordinates – school superintendents and principals – so that they may both initiate charges and determine probable cause. Thus, contrary to Plaintiff's contention, §§ 2590-h and 3020-a operate harmoniously, and no statutory conflict exists.

As discussed more fully in DOE Defendants' Mem. of Law at pp. 4-6, § 2590-h permits the DOE Chancellor to assume and delegate all the duties and responsibilities of the employing board. Further, as evidenced by the Delegation Memoranda annexed to the Declaration of David Choi in Support of DOE Defendants' Motion to Dismiss ("Kim Decl.") as Exhibit "C," former DOE Chancellor Carmen Farina delegated the duties of the employing board to initiate and resolve disciplinary charges to the superintendents and principals of the school districts where Plaintiff was employed. As such, § 3020-a charges were properly initiated against Plaintiff.

Accordingly, Plaintiff has failed to demonstrate any violation of § 3020-a by the DOE Defendants, and his procedural due process claims must be dismissed.

**POINT V**

**PLAINTIFF FAILS TO STATE A SELECTIVE ENFORCEMENT CLAIM UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT**

**A. Plaintiff Cannot Put Forth New Legal Theories In His Opposition**

As an initial matter, Plaintiff includes in his opposition new legal theories, specifically the theory of "selective enforcement", that was not included in his Complaint. Plaintiff

cannot amend his complaint in his opposition to this motion to dismiss. See Brunson v. Duffy, No. 12-cv-9465 (KBF), 2015 U.S. Dist. LEXIS 29015, *4 (S.D.N.Y. Mar. 6, 2015). As these facts were first raised in opposition, they should be disregarded for purposes of this motion. See id.

**B. Plaintiff's Equal Protection Claim Still Fails**

To maintain an equal protection claim, a plaintiff must "show adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Bizzarro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005) In the Second Circuit, courts have held that in the selective enforcement context individuals must be similarly situated in all material respects. See Freud, 2022 U.S. Dist. LEXIS 54353, at *20-21 (quoting Church of the Am. Knights of the Ku Klux Klan v. Kerik, 356 F.3d 197, 210 (2d Cir. 2004)).

The Complaint alleges no such facts. In fact, Plaintiff argues in his opposition that "a plaintiff need not provide evidence of similarly situated individuals at the motion to dismiss stage.". See Plaintiff's Mem. in Opp. at 31-32. Plaintiff pleads no other specific facts to support his allegation that other employees outside of New York City were similarly situated to him: he does not plead, for example, that they held the same title as him, or were subject to similar disciplinary procedures. Without any specific facts regarding these alleged "similarly situated" teachers, Plaintiff's "naked assertions are insufficient to survive the pleading stage." See Freud, 2022 U.S. Dist. LEXIS 54353, at *20-21. Plaintiff's equal protection claim brought under the Fourteenth Amendment must therefore be dismissed.

## POINT VI

## PLAINTIFF'S FAILS TO STATE A CLAIM FOR COMMON LAW FRAUD

Plaintiff argues in opposition that "there was no proper or lawful determination of probable cause and no vote by the Panel for Educational Policy"; however, that argument does not establish the existence of a material misrepresentation on the part of Defendants to support a claim of fraud. See Plaintiffs Mem. in Opp. at 34. In addition Plaintiff has not articulated how in any way he relied on an alleged misrepresentation, namely – that the way he was disciplined was fraudulent and that the allegations made against him were false; nor does he articulate how he justifiably relied on them. Rather, Plaintiff contends that he became "aware" of the underlying fraud on or about June 22, 2021, but advances no allegation that he ever believed the allegations against him to be true. See Id. The facts alleged in the Complaint demonstrate that Plaintiff actively sought to contest DOE Defendants' representations throughout the course of his disciplinary proceedings, and even utilized post-hearing measures. Without reliance on DOE Defendants' representations Plaintiff also cannot prove damages flowing from his reliance, and his claim of fraud must fail.

**CONCLUSION**

For all of the foregoing reasons and the reasons set forth more fully in DOE Defendants' Memorandum of Law, dated February 24, 2023, DOE Defendants respectfully request that their motion to dismiss the Complaint be granted, that an order dismissing the Complaint be issued, that judgment in favor of DOE Defendants be entered and that DOE Defendants be granted such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 19, 2023

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
City of New York
Attorney for the Defendants'
100 Church Street, Room 2-176
New York, New York 10007
T: (212) 356-1941
dchoi@law.nyc.gov

By: /s/ David Choi
David Choi
Assistant Corporation Counsel

David Choi,
Of Counsel.