UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
BERNARD MCILWAIN,

                           Plaintiff,

      -against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION; CHARITY GUERRA; WILLIAM
JUSINO; KAREN WATTS; and SALVATORE
MANCUSO,

                         Defendants.

MEMORANDUM & ORDER

1:22-CV-4163 (ENV) (RML)

------------------------------------------------------------ x

VITALIANO, D.J.

Following termination of his tenured employment as a high school teacher for allegedly submitting fraudulent vouchers, plaintiff Bernard McIlwain filed an action on July 15, 2022, against the New York City Department of Education ("DOE"), also naming several of its employees as defendants, asserting federal constitutional claims, pursuant to 42 U.S.C. § 1983, parallel claims under the New York State Constitution, and claims sounding in state common law.[1] Defendants have now moved to dismiss for failure to state a claim. For the reasons set forth below, the motion is granted.

---

[1] McIlwain "waive[d] [his] claims against the individual defendants" in his opposition to the motion to dismiss. *See* Pl. Opp., Dkt. No. 17, at 9. Thus, the individual defendants are dismissed. Citation to pages of the parties' briefing refer to the Electronic Case Filing System ("ECF") pagination.

1

Background[2]

McIlwain spent over twenty years working for DOE, including as an assistant principal and athletic director at Progress High School in Brooklyn. Compl., Dkt. No. 1, ¶ 18. In August 2014, McIlwain alleges that he raised concerns about Principal William Jusino's harassment of a colleague to the New York City School District Office of the Special Commissioner of Investigation ("SCI"). *Id.* ¶¶ 21, 44. McIlwain's SCI complaint was found unsubstantiated by the Commissioner; the embers of workplace controversy still hot, McIlwain contends that defendants responded by commencing a retaliation campaign against him. *Id.* ¶¶ 31, 34. Specifically, plaintiff alleges that in 2017, pursuant to New York Education Law § 3020-a, he was served with disciplinary charges and specifications for allegedly creating fraudulent vouchers for the school team's uniforms. *Id.* ¶¶ 21–22. On October 29, 2018, following a disciplinary hearing in which McIlwain participated and denied guilt, the arbitrator substantiated certain specifications against him and ordered his employment terminated. *Id.* ¶ 32. Since his termination, DOE's Office of Personnel Investigations ("OPI") has applied a "problem code" to McIlwain's personnel file, which he argues has "blacklisted" him from future employment. *Id.* ¶ 30.

In addition to alleging that his termination was retaliatory, McIlwain contends that it was procedurally deficient and violative of his due process rights. Central to his claims, McIlwain alleges that DOE "forced [him] to proceed into a hearing that did not have a proper determination of probable cause," as Superintendent Karen Watts signed the "Notice of Determination of Probable Cause Pursuant to Education Law Section 3020-a Charges," rather than probable cause

---

[2] The facts are drawn from plaintiff's complaint, *see* Dkt. No. 1, and are construed as true, with all reasonable inferences drawn in plaintiff's favor. *See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). Arguments from defendants' motion to dismiss, *see* Dkt. No. 16, and reply in support of their motion to dismiss, *see* Dkt. No. 18, as well as plaintiff's complaint, *see* Dkt. No. 1, and opposition to the instant motion, *see* Dkt. No. 17, are considered.

being voted on by an "employing board" in an "executive session," as required by Education Law § 3020-a(2)(a). *Id.* ¶ 34; Pl. Opp. at 12. McIlwain further alleges that he was not given his "contractual and lawful right to choose his arbitrator for the hearing," as the arbitrator was chosen by DOE without his knowledge or consent. Compl., Dkt. No. 1, ¶ 34. Finally, McIlwain alleges that SCI failed to provide him with material records necessary to defend himself. *Id.* ¶ 33.

## Legal Standards

A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing such motions, a court "must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the [p]laintiff." *Anzelone v. ARS Nat'l Servs., Inc.*, No. 2:17-cv-04815, 2018 WL 3429906 (E.D.N.Y. July 16, 2018). To survive such a motion, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). Simply put, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff need not provide "detailed factual allegations," *Twombly*, 550 U.S. at 545, the pleading rules demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

New York's State Education Law § 3020-a, "generally known as the Tenure Law, affords procedural protections to tenured teachers, in that a tenured teacher cannot be discharged from employment without proper cause, notice, and a hearing. The purpose of the statute is to protect teachers from the arbitrary imposition of formal discipline or removal." *Morrell v. N.Y.C. Dep't*

of Educ., 924 N.Y.S.2d 310 (N.Y. Sup. Ct. 2010). The Education Law provides that prior to any disciplinary action being taken against a teacher, all charges must be submitted in writing and filed with the clerk or secretary of the school district. *See* Education Law § 3020-a(1). The employing board of education, in executive session, must then vote as to whether there is probable cause for the charges. *See* Education Law § 3020-(a)(2). If the board of education's determination is affirmative, a written statement specifying the charges in detail and outlining the employee's rights, including his right to a hearing, is delivered to that employee. *Id.*

Discussion[3]

The statute of limitations for claims arising in New York under 42 U.S.C. § 1983 is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). Thus, because McIlwain filed his complaint on July 15, 2022, his claims arising out of acts occurring prior to July 15, 2019, are statutorily time barred. The reckoning of time has dispositive impact on McIlwain's First Amendment retaliation claim. The protective activity it alleges, complaining to SCI about principal Jusino's harassment, occurred in August 2014, and the purported retaliation began with the initiation of disciplinary proceedings in 2017 and ended with McIlwain's termination in 2018. *See* Compl. ¶¶ 18, 21, 32, 35. McIlwain's First Amendment claim, which is predicated on events that all occurred before July 15, 2019, is therefore barred by the statute of limitations. *See Donovan v. Inc. Vill. of Malverne*, 547 F. Supp. 2d 210, 217 (E.D.N.Y. 2008).

---

[3] Although McIlwain's complaint includes causes of action under the New York State Constitution, he does not defend these claims in response to DOE's arguments that they should be dismissed. Thus, the Court need not address McIlwain's abandoned state constitutional claims. *See, e.g., Gaston v. City of New York*, 851 F. Supp. 2d 780, 796 (S.D.N.Y. 2012); *Quintero v. Rite Aid of N.Y., Inc.*, No. 09-cv-6084, 2011 WL 5529818, at *19 (S.D.N.Y. Nov. 10, 2021).

Raising the identical issue, McIlwain's procedural due process claims are also predicated on events that occurred before July 15, 2019, as the allegedly procedurally deficient termination proceeding began in 2017 and ended in 2018. McIlwain, reaching for a saving argument, nevertheless argues that his due process claims are timely under the equitable tolling doctrine, as he did not become aware of the central defect of the proceeding—that there was no probable cause determination by an "employing board" in an "executive session," as required by § 3020-a(2)—until June 22, 2021. Pl. Opp. at 12. "When a 'defendant fraudulently conceals the wrong, the [statute of limitations] does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action.'" *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 602 (E.D.N.Y. 2017) (quoting *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995)).

Although a highly potent antidote to a limitations defense, the equitable tolling doctrine is not lightly invoked. A creature of equity, the Second Circuit has made clear that, "'as a matter of fairness,'" equitable tolling should be applied only "where a plaintiff has been 'prevented in some extraordinary way from exercising [his] rights.'" *Pearl*, 296 F.3d at 85. Indeed, while the statutory period for filing generally "commence[s] upon the employer's commission of the discriminatory act and [is] not tolled or delayed pending the employee's realization that the conduct was discriminatory," tolling is proper where "the employee was actively misled by his employer." *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985). For example, "if the employee could show that it would have been impossible for a reasonably prudent person to learn that his discharge was discriminatory," the limitations period may be tolled until such discovery. *Id.*

McIlwain argues that DOE "hid" its deficient probable cause determination by not flagging for him upon service the lack of an executive session vote on the charges. Pl. Opp. at 14–16.

5

However, as McIlwain admits in the preceding sentence, the charging document does not include a date in the box labelled "Date of Executive Session" because no executive session was held. *Id.* at 14–15. Far from being prevented in some extraordinary way from discovering the existence of his potential due process claims, McIlwain, exercising even minimal diligence, could have inquired as to why no "Executive Session" date was listed on the charge and learned that probable cause was determined by Superintendent Watts, who had been delegated the authority to prefer charges against tenured employees pursuant to the Education Law. Further, to the extent that McIlwain is arguing that he did not understand the legal import of the probable cause issue until he "discuss[ed] his case with a legal advocate," *id.* at 15, "'ignorance of the law is not sufficient to justify equitable tolling.'" *McKinnies v. City of New York*, No. 23-cv-2567, 2024 WL 4333703 (E.D.N.Y. 2024) (quoting *Rosenwasser v. Fordham Univ.*, 722 F. App'x 1, 3 (2d Cir. 2019)). Because McIlwain does not plausibly plead facts sufficient to show that equitable tolling should apply, his procedural due process claims are dismissed as untimely.[4]

The fatal damage wreaked by the statute of limitations is not limited to McIlwain's procedural due process claim. Because McIlwain's selective enforcement equal protection claim is based on the same underlying act as his procedural due process claims—preferring charges without a probable cause determination that conforms with § 3020-a—it too is time-barred and

---

[4] Even if McIlwain's procedural due process claims were timely brought, they would still fail. New York state courts routinely countenance the delegation of probable cause determinations in § 3020-a charges, *see, e.g.*, *Menchin v. N.Y.C. Dep't of Educ.*, 934 N.Y.S.2d 35 (Rockl. Sup. Ct. 2011), and at least two federal district courts have held in analogous situations that the lack of an executive session vote on probable cause does not violate the due process rights of a tenured teacher facing § 3020-a charges, as due process requires merely notice and an opportunity to be heard, *see Adams v. New York State Educ. Dep't.* 752 F. Supp. 2d 420 455 (S.D.N.Y. 2010); *Ramsaroop v. Dep't of Educ. of City of New York*, No. 20-cv-4947, 2022 WL 376029, at *6–7 (Feb. 8, 2022). This is so regardless of whether plaintiffs allege a deprivation of a property or liberty interest (or in this case, both). *See Ingber v. N.Y.C. Dep't of Educ.*, No. 14-cv-3942, 2014 WL 6888777, at *4 (S.D.N.Y. Dec. 8, 2014) ("even if Plaintiffs could show that they had a protected liberty or property interest, they received all the process that they were due.").

must be dismissed.  *See 4 West Associates LLC v. East Hampton Town*, 2014 WL 2711918, at *2 (E.D.N.Y. June 10, 2014).

Finally, finding that McIlwain's federal claims fail as a matter of law and must be dismissed, the Court declines to exercise supplemental jurisdiction over his state law claims.  *See* 28 U.S.C. § 1367(c); *Ingber*, 2014 WL 6888777, at *4 (citing *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994)).  Those claims are dismissed but without prejudice to their good faith refiling in a state court of appropriate jurisdiction.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted.  All federal claims advanced under § 1983 are dismissed with prejudice.  The state claims brought under the New York State Constitution were effectively withdrawn by plaintiff and are dismissed with prejudice.  All other state claims are dismissed without prejudice to their good faith refiling in a state court of appropriate jurisdiction.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
      October 28, 2025

    /s/ Eric N. Vitaliano
    ERIC N. VITALIANO
    United States District Judge